This is an action for damages allegedly resulting from the presence of a foreign ingredient, to-wit, a spider, contained in a bottle of Coca-Cola from which plaintiff was drinking. There was judgment in favor of defendant rejecting plaintiff's demands, from which plaintiff has appealed.
It is unnecessary to recite the facts involved in the instant case since we find it necessary to take action with respect to a matter of procedure. Before this Court counsel for defendant strenuously urges the failure of plaintiff's counsel to introduce in evidence, on trial below, the testimony of three of plaintiff's witnesses taken by deposition. It is contended that by reason of this failure the depositions are not incorporated in the record and therefore are not properly before this Court.
We think the point is well made. Careful examination of the record discloses the only reference to the depositions to have been comprehended in an observation of plaintiff's counsel in closing the case in chief as follows:
"With these depositions and with the reservation of putting Mrs. Durr on, I rest."
We do not consider that the above statement sufficiently complies with the formalities which require the tendering of depositions in evidence. To hold that the depositions in question are now before this Court would be, in effect, to deprive counsel for defendant of the opportunity to object to their admission. It is not for this Court to say, on the face of the untendered depositions, whether such objections might be tenable or not.
Article 906 of the Code of Practice reads as follows:
"But if the court shall think it not possible to pronounce definitively on the cause, *Page 94 
in the state in which it is, either because the partes have failed to adduce the necessary testimony, or because the inferior court refused to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shallreceive, to the end that it may decide according to law." (Emphasis by the Court)
The depositions in the instant case constitute the bulk of the testimony on behalf of plaintiff. We do not feel that we could determine the facts, nor, in the event of plaintiff's recovery, establish the quantum without the benefit of its testimony. It therefore follows in the interest of justice that the case should be remanded.
Accordingly, it is ordered that the judgment appealed from be, and it is hereby, set aside, and this cause is remanded to the Honorable the Ninth Judicial District Court for the purpose of being reopened in order to permit the introduction of depositions of witnesses for plaintiff. It is further ordered that following such action judgment shall be pronounced by the said Court upon consideration of the complete record. Costs of this appeal are taxed against plaintiff-appellant.