On August 1, 1947, plaintiff, while performing his duties under a contract of hiring with the defendant, Campti Lumber Company, experienced an accident wherein, according to allegations of his petition, the ankles and some of the bones thereabout were fractured; also, the flesh, muscles, etc. about the ankles were to some extent injured. He was paid compensation by his employer for thirteen weeks. At the end of that period he was discharged by attending physician who was of the opinion that his ability to do manual labor had been wholly restored. He did not return to work but employed an attorney to seek for him additional compensation payments. Suit therefor was instituted on November 25, 1947. He alleged permanent total disability and prayed for judgment for Twenty ($20.00) Dollars per week for four hundred (400) weeks.
The answer of the defendant to the demand admits that plaintiff sustained some injury in the alleged accident, but asserts that he had been paid more compensation during the period of disability than was really due him setting forth the facts upon which this allegation is based. It is also averred that compensation payments were discontinued because plaintiff's condition warranted him in returning to work and performing the same duties he was performing when hurt.
On December 12, 1947, the parties, through counsel of record, presented a joint petition to the Honorable L. P. Stephens, Judge of the Tenth District Court, in and for Natchitoches Parish, wherein, inter alia, it is alleged:
"That since the filing of the above petition by plaintiff and the filing of answer by Campti Lumber Company all parties have agreed upon a compromise settlement by the terms of which defendants will pay to plaintiff the sum of Five Hundred ($500.00) Dollars, in addition to the amounts previously paid, together with all costs of these proceedings. Before, however, this compromise can be completed it will be necessary that this Honorable Court approve same.
"All parties agree that there is a serious bona fide dispute existing between the parties as to the extent and duration of Roy Racine's injuries and what, if any, additional compensation he is entitled to receive for same. That this compromise is being entered into to terminate existing litigation and to avoid future litigation.
"Roy Racine has been examined by doctors of his choice and his true physical condition ascertained and he has had all of his rights under the Compensation Statute explained to him by Mr. J. W. Jones, Jr., an attorney of his choice, and he makes this compromise settlement voluntarily, believing same to be to his advantage."
It is prayed that there "be judgment rendered affirming this compromise", etc. This petition was sworn to by plaintiff before a notary public, wherein he said: "The facts and allegations therein are true and correct". Judgment was signed as by the parties prayed; the preamble reads as follows:
"The foregoing joint petition for a compromise settlement, together with plaintiff's original petition and the defendants' answer, having been read and considered, and the court having personally interviewed Roy Racine and discussed this compromise with him, the court being of the opinion that there is a bona fide dispute existing between the parties as to the extent and duration of claimant's disabilities, the court believing that this compromise is being entered into to terminate existing litigation and to avoid future litigation, the law and the evidence being in favor thereof", etc. * * *"
The present suit, wherein plaintiff is represented by different counsel, was filed April 19, 1948. Therein he seeks to have the above mentioned compromise and the judgment based thereon set aside, and that compensation at the rate of Thirty ($30.00) Dollars per month against defendant and its insurer, Associated Employers Reciprocal of Kansas City, Missouri, be awarded him *Page 290 
for 363 1/3 weeks. This asserted right is based upon the additional allegation that he is, from said injuries, totally and permanently disabled to do work of a reasonable character.
The ground of attack upon the compromise settlement is simply that plaintiff was induced to agree to the terms thereof by the assurance of the insurance company and the representatives of the employer, to the effect that he "could immediately go back on the pay roll. In other words, petitioner's condition was known to his employer and its insurance company, but the full extent of same was unknown to petitioners." These acts, he alleges, constitute fraud as against him.
The petition is conspicuous for what it does not contain in the way of serious charges against the integrity of the act of compromise.
The answer, after fully relating the history of the controversy between the parties, including the pertinent facts transpiring prior to and at the time of the confection of the compromise, pleads the compromise and judgment rendered pursuant thereto as res judicata against the present demand.
The answer also denies that any promises were made by anyone to plaintiff as an inducement for him to agree to the terms of the compromise; and specifically denies that any fraud or misrepresentation of facts of any character were practiced upon him in connection with the confection of the compromise. It is also denied that at time of filing of this suit plaintiff was suffering any sort of disability from his original injuries.
There was judgment rejecting the demand of plaintiff and he appealed to this court.
Prior to the confection of the compromise agreement, defendant's counsel met with plaintiff and his formal counsel in the office of the latter in the City of Natchitoches, Louisiana, and the matter of the compromise was freely and fully discussed, including the desire of plaintiff to be restored to his former job at the same rate of pay. On trial of the case he was asked by defendant's counsel if he recalled that conference and what was done, and said then and there about him being put on the payroll. He answered in the affirmative. He further testified:
"A. I will tell you what I do recall. That you told me that the insurance company didn't have anything to do with me going back to work for the Campti Lumber Company.
"Q. And, neither Mr. McCall nor I promised you a job if you would effect a compromise with the company?
"A. No, sir, you did not promise me a job.
"Q. Did anyone connected with the Campti Lumber Company or Otto Evans tell you that if you would effect a compromise, as a part of that compromise you could get your job back?
"A. No, sir."
This testimony is diametrically opposed to the allegations of the petition and completely destroys the only serious basis upon which plaintiff's suit is predicated.
In addition to all of this, the testimony clearly discloses that no fraud or misrepresentation of true facts was practiced upon plaintiff to induce him to enter into the compromise agreement; and that he did so after being advised concerning his physical condition by physicians of his choice and of his legal rights by his own chosen counsel.
Since the passage of Act No. 96 of 1942, controversies between employer and employee that involve the extent and possible duration of injuries may be compromised if the controversy be bona fide, and strict conformity to the requirements of the act be had; and when this has been done, such a compromise (after being approved by the proper judge) has the same force and effect as judgments in other character of cases. It may not be set aside save upon proof of fraud, wilful misrepresentation of true material facts, and for other causes that affect the validity of contracts generally, otherwise legal and binding. There is wholly lack of proof in the present case that to any extent militates against the integrity of the compromise attacked. *Page 291 
We assume that the lower court by rejecting the demand intended to sustain the plea of res judicata. That would have been the proper judgment, but out of an abundance of caution we shall put this beyond doubt.
For the reasons herein given, the plea of res judicata is sustained and the judgment appealed from is affirmed with costs.
TALIAFERRO, KENNON and HARDY, JJ., sitting.