REID, Judge.
This is an appeal from a judgment of the District Court granting a motion for summary judgment in favor of the defendant, Graybar Electric Co., Inc., and dismissing plaintiff’s suit insofar as the said Graybar Electric Co., Inc. is concerned. The facts upon which the motion for summary judgment was based are:
The Board of Supervisors of Louisiana State University entered into a contract with Wilson P. Abraham, contractor, for renovation and additions to the Thomas Boyd Hall. The plaintiff, Sachse Electric, Inc., was the subcontractor for the electrical work and equipment. Robert L. Stephan, one of the defendants in said suit, was the architect who draw the plans, made the specifications, and was in charge of the project. Chesson, Forrest & Holland, the firm of engineers on the project working in conjunction with the architect, was responsible for the supervision of certain phases of the work and for certain plans and specifications.
The specifications required that “Ballast for all flourescent fixtures shall be certified by CBM” and Addendum No. 2 to the specifications required the ballasts to be “S” sound rated. Plaintiff, by its order No. 100 dated November 16, 1959, ordered the lighting fixtures, including the ballasts, from the defendant, Graybar Electric Co., Inc., which said order read in part as follows:
“Ballast for all flourescent fixtures shall be certified by CBM. All fixtures shall be a specified or approved equal. All fixtures shall be in accordance with plans and specifications and shall meet with Engineer’s approval. Furnish 8 copies of brochures.
“ * * * All of the above is to be in strict accordance with plans and specifications, including addendum, as prepared by Architect and/or Engineer.”
Graybar Electric Co., Inc., therefore, furnished a brochure which was submitted and approved by the engineers and which stated as follows:
“Ballasts — The Tartan line is equipped with series ballasts in both rapid-start and instant-start fixture types. Ballasts are CBM certified, ETL tested, UL approved.”
The brochure also showed that the fixtures would be 100 Watt Rapid Start High Output (800MA).
As alleged in paragraph 9 of plaintiff’s original petition, the brochure was approved by the engineers and the fixtures were supplied, which said fixtures the engineers refused to accept because the ballasts were rated “C” by their manufacturer, Jefferson Electric Company. However, subsequent to the brochure being approved and prior to the rejection by the engineers of the fixtures, an Addendum No. 3 to the *306 specifications was issued which approved certain fixtures “as equal to those originally specified."
All of the above facts were pleaded by plaintiff in its original petition in paragraphs 6 through 9 and in amended paragraph 9 of its supplemental petition. In its answer the defendant, Graybar Electric, Inc., did not dispute those alleged facts but in fact admitted them.
The plaintiff further alleged that the engineers maintained that “C” rated ballasts could be specially treated to meet their requirements.
As a result of the dispute between the parties concerning the fixtures, the University withheld $10,000.00 from Wilson P. Abraham until the ballasts could be replaced or corrected, and Wilson P. Abraham in turn withheld $10,000.00 from the plaintiff, Sachse Electric, Inc. At a cost of $7,312.32 Sachse Electric Inc., removed the ballasts and installed ballasts that satisfied the engineers, said ballasts having been specially treated so as to have the manufacturer mark them as “B” rated ballasts.
In its supplemental and amended petition plaintiff prayed for judgment against the University for the said $7,312.32 installation cost and 10% of the direct cost to cover overhead and 10% of the direct cost and overhead as profit, or $8,847.91 together with the $10,000.00 withheld totaling $18,847.91.
In the alternative, plaintiff prayed for judgment against the University for the $10,000.00 withheld, and for judgment against the architect and engineers for the remaining $8,847.91 and further in the alternative, if the University and its architects and engineers were not responsible, for judgment against the defendant Graybar Electric Co., Inc., for the $8,847.91.
Graybar Electric Co., Inc., filed a Third Party Petition against Sylvania Electric Products, Inc., to which Sylvania Electric Products, Inc., filed a motion for summary judgment which was granted by the District Court and which is now final as no appeal has been taken from it.
After filing an answer admitting the pertinent allegations set forth above, the defendant Graybar Electric Company, Inc., filed a motion for summary judgment, alleging the following facts:
“1.
“In plaintiff’s Supplemental and Amended Petition it alleges that the fixtures approved by the Engineers were supplied by defendant, Graybar Electric Company, Inc.; that in Addendum No. 3 to Specifications issued October 22, 1959, specifically provided in Item 30 thereof that the listed equipment and materials supplied by Gray-bar Electric Company, Inc., was considered as equal to that originally specified.”
“2.
“That the equipment supplied by Graybar Electric Company, Inc., was approved prior to order and shipment by the Engineers, and there was no question that said equipment was not as specified.”
In connection with this motion for a summary judgment, no evidence was introduced, no depositions taken, no affidavits filed by Graybar Electric Co., Inc., nor were the plans and specifications introduced in evidence.
On February 26, 1963, the motion for summary judgment was taken up, argued by counsel and submitted to the Court, and for oral reasons assigned the motion for summary judgment filed by Graybar Electric Co., Inc. was granted. On February 27, 1962, the District Court signed the judgment maintaining the motion for summary judgment and dismissing the plaintiff’s suit insofar as Graybar Electric Co., Inc. was concerned.
The issue involved in this case concerns itself with LSA-C.C.P. Article 966, deal *307 ing with summary judgments which reads in pertinent part as follows:
“ * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
The position of the defendant, Graybar Electric Co., Inc., is, of course, that as there is no genuine issue as to material facts, the motion for summary judgment should be granted. The plaintiff on the other hand contends that there are genuine issues as to material facts, and that, therefore, the motion for summary judgment should not be granted.
In its brief the defendant, Graybar Electric Co., Inc., contends that it agreed with each and every material allegation made by Sachse Electric, Inc., the plaintiff, and therefore, there is no dispute between the plaintiff and the defendant. It contends that the essence of the case against it is whether or not it complied with its agreement with Sachse Electric, Inc., and admits that under the terms of the original contract the fixtures supplied by it did not conform ; that however the contract was changed and modified in regard to the fixtures in question and the engineers, who were the agents of the owner, approved the brochure submitted by the defendant Gray-bar Electric Co., Inc., which described the fixtures and set forth the specifications thereof; that the same engineers issued Addendum No. 3 which named the fixtures by their trade names and stated said fixtures were to be considered “equal to” the fixtures required in the original plans and specifications; that said approved brochure and Addendum No. 3 was a change made in the contract with the full knowledge of Sachse Electric, Inc., as shown by its purchase order No. 100 dated November 16, 1959; that it specifically ordered the fixtures which had been approved “as equal”; and, therefore, as the plaintiff had alleged these facts and as defendant had not disputed the correctness thereof and in fact filed an answer judicially admitting the same, there was no genuine issue existing between Sachse Electric, Inc., and Graybar Electric Co., Inc.
The plaintiff, on the other hand, contends in its brief that there are issues of fact which retnain unresolved and which can only be determined by use of expert testimony and upon trial of the case. It contends that the issues cannot be properly determined without an interpretation of the plans and specifications which Graybar was obligated to comply with, and that these plans and specifications are not a part of the record. Plaintiff further contends it considers the primary responsibility rests with the University and its prayer against Graybar is only in the alternative, but nevertheless the University and its architects and engineers have not been heard and they may be able to show that despite their approval of the brochure the defendant was obligated to produce a “B” rated ballast and they may be able to show that there was such a thing known to the trade as “B” rated ballast, and if the other defendants did make such proof then the defendant, Graybar Electric Co., Inc., would have been bound to make delivery in conformity with the specifications. It further contends that there is a dispute as to whether “B” rated ballasts were available at all at the time of the contract for lighting fixtures of the size ordered, and a dispute as to the scope and meaning of Addendum No. 3. It is plaintiff’s position that without proof one way or another as to-these facts, it is impossible to determine liability in this case.
The Trial Judge did not render written reasons for judgment. However, it must be assumed that the Trial Judge felt the pleadings, particularly the reference to Addendum No. 3 as described in paragraph 9 of plaintiff’s supplemental and amended peti> tion relieved Graybar Electric Co., Inc., from any liability in this suit, and that the *308 facts alleged by the plaintiff and admitted by the defendant clearly showed not only that there was no genuine issue of fact in dispute but that defendant had complied with its agreement with Sachse Electric, Inc.
Under the jurisprudence of this state, where there is no substantial dispute as to any of the material facts a motion for summary judgment can be granted. See Ensminger v. Great Atlantic and Pacific Tea Company, 134 So.2d 686 (La.App. 1961); Rushing v. Weyerhaeuser Company, et al., 144 So.2d 420, La.App. 4th Cir. 1962.
It is also established by the Ens-minger case, supra, that while there may have been genuine issues of material fact between plaintiff and other defendants, if no such genuine issue of material fact exists between plaintiff and mover, the mover may be granted summary judgment and not be retained in the suit to await the results of the principal demand and other alternative demands.
It is apparent from reading the briefs submitted in this case and from reading the allegations contained in the defendant’s motion for summary judgment, that the allegations considered by the Trial Court and upon which it based its decision must have been those set forth in paragraphs 6 through 9 of plaintiff’s original petition and in amended paragraph 9 of plaintiff’s supplemental petition. While these facts may not have been in dispute due to the fact that the defendant in its answer admitted them, the plaintiff has set forth other facts which have not been admitted and which could very well be material to the point at issue. Although, as set forth in paragraph 10 of plaintiff’s petition, Graybar Electric Co., Inc. insisted that it complied with its contract because it furnished the highest rated ballasts certified by the industry for the fixtures used and there was no ballast recognized by the industry as “B” rated ballasts, the plaintiff in paragraph 11 alleges that the engineers have nevertheless insisted that “C” rated ballasts could be specially treated to meet their requirements. The defendant denied said allegation for lack of sufficient information to justify belief. Further, in paragraph 14 of plaintiff’s original petition it alleges that the fault, if there be any, would necessarily lie either with LSU or its architects, or engineers for specifying an item that was not available at the time the addendum was issued, nor at the present time, if such is the case as stated by the said Graybar Electric Co., Inc., or with Graybar Electric Co., Inc., for not supplying said fixtures if available as stated by the engineers. This allegation clearly raises an issue of fact, which defendant in its answer specifically denied stating “but denies that such fixture as specified by the engineers were required or if required were available.”
Therefore, the plaintiff has in its petition raised issues of fact which the defendant has denied and which the plaintiff in its brief has contended were necessary for a resolution of the said suit. A reading of plaintiff’s entire petition shows that the issue of Graybar’s liability can only be determined by examining the plans and specifications, by hearing expert testimony concerning the subject at issue, and by giving the University, its architects and engineers a chance to show that despite their approval of the brochure the subcontractor was obligated to produce “B” rated ballasts or one which would have been in conformity with the specifications, and by determining the meaning of Addendum No. 3.
It is quite possible that on the face of the pleadings one could assume that if there is any liability it would be that of the University, its engineers and architects, rather than that of Graybar, and it also could be assumed from the face of the pleadings that Graybar had supplied the fixtures in accordance with the plans and specifications and the brochure approved by the engineers. However, that is not the purpose for a motion of summary judgment. *309 'The test to he applied in a case such as this is that set forth in the case of Jacobs v. Beck, La.App., 141 So.2d 920, where the Court held:
“But an opinion that a party is unlikely to prevail upon trial is not a sufficient basis for refusing him a trial on the merits.”
and as set forth in the case of Walmsley v. Gilmore, 144 So.2d 625, La.App. 4th Cir., 1962, wherein the Court held:
“The question presented by a motion for summary judgment is whether there ;is a genuine issue of fact and not how ■.that issue should be determined; a genuine issue of fact cannot be resolved on a motion for summary judgment. Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101. Summary judgment, which deprives a litigant of a trial on the merits, is not a substitute for such a trial and is to be made use of only in those cases which clearly fall within the provision of the codal article.
“We are unable to agree with defendants’ argument that the question * * is now one of law involving the legal -result of the documentary evidence offered in connection with the motion for -summary judgment. * * *
’“We are of the opinion that there is involved here a genuine issue or dispute ■over a fact which is certainly material to the case. Under these circumstances we are precluded from deciding that issue and defendants are not entitled to a judgment as a matter of law as set ■out by that portion of the codal article quoted above.
*‘For the reasons assigned, the judgment appealed from is reversed and the case is remanded * * * for trial on the merits.”
It is the opinion of this Court that plaintiff’s petition does set forth questions of material fact which are in dispute and which should be resolved m order for a determination of the issues involved herein. The possibility of submitting the plaintiff to the injustice that would follow if upon the trial of the case it should be found that the facts warrant a finding of liability on the part of the Graybar Electric Co., Inc., certainly warrants this Court applying the requirements of a motion for a summary judgment and with great strictness and warrants this Court refusing to dismiss the suit insofar as Graybar Electric Co., Inc. is concerned, regardless of the fact that the question of its liability might from the face of the pleadings appear remote.
Reversed and remanded.