ELLIS, Judge.
Mrs. Mamie A. Townsend filed suit against the defendant for damages as the result of alleged personal injuries sustained in an automobile accident on July 31st, 1961 when she was riding as guest passenger in an automobile allegedly owned by James (Jimmie) Rollinson and being driven at the time by her husband, J. Z. Townsend, who intervened to recover medical expenses and loss of wages for his wife.
The allegations of plaintiff’s petition which are directly at issue on the question now before the court are, in effect, that on the date of the accident the defendant insurance company had in full force and effect a liability insurance policy covering *522 and insuring the Buick automobile involved in the accident and being driven by her husband at the time, and which was owned by one Jimmie Rollinson, and this automobile was being driven by her husband at the time of the accident, “ * * * with the knowledge and consent of said owner, Mr. Jimmie Rollinson." (Emphasis added)
The defendant insurance company answered the plaintiff’s petition and admitted that on and prior to July 31st, 1961 it had in full force and effect a policy of public liability and property damage insurance with respect to a 1954 Buick sedan automobile owned by Rollinson and which was being driven by Townsend at the time of the accident, but that Rollinson did not grant permission or consent to Townsend to operate the insured motor vehicle, and, in fact, the insured was without knowledge that the vehicle was in the possession and use of Townsend at the time of the accident, and, accordingly, Townsend was not an insured within the terms, provisions, conditions and limitations of the insurance company’s contract with Rollinson.
Thereafter, the defendant, through its attorney, filed a motion for summary judgment in accordance with the provisions of Article 966 of the LSA-Code of Civil Procedure on the ground: “A contract of insurance issued by mover in favor of James Rollinson, a certified copy of which is attached to this motion, and a sworn deposition of Don Bradford Rollinson taken March 15, 1962 and James Rollinson, taken May 16, 1962, each having been taken before Janet A. Parker, Notary Public, the originals of which have been or will be filed with the Clerk of Court of this Parish, disclose there is no coverage or liability under such contract of insurance in favor of plaintiff and, accordingly, mover is entitled to judgment dismissing plaintiff’s petition as to mover as a matter of law, * and accordingly prayed that a rule issue directed to the plaintiff to show cause why the judgment should not be rendered. The order for the rule was signed on May 17, 1962 and fixed for hearing on May 28, 1962. Attached to the motion was the insurance policy but not the depositions referred to in the motion.
The motion for summary judgment came on for hearing on May 28, 1962 pursuant to assignment with counsel for plaintiff and for mover both present and “After hearing the evidence and the argument of counsel, the court considering that the motion for summary judgment filed herein by defendant, Peerless Insurance Company, to the petition of plaintiff is well founded, the law and the evidence being in favor of the motion ; * * * ” it was ordered and decreed that the motion be sustained and the petition of plaintiff, “Mamie A. Townsend” be dismissed. It is from this judgment the plaintiff has appealed.
On March 4, 1963 counsel for plaintiff filed his brief in which he sets forth three Specifications of Errors committed by the District Court, viz:
“SPECIFICATION OF ERRORS
“1. The District Court erred in granting defendant’s motion for summary judgment as the ‘omnibus clause’ within the policy of insurance covering and insuring this automobile definitely covered and insured any person operating said insured automobile with the permission of the insured.
“2. The District Court erred in maintaining defendant’s motion for summary judgment without hearing any evidence whatsoever as to whether or not the alleged owner did or did not give the driver permission to use the car.
“3. The Court erred in granting defendant’s motion for summary judgment without permitting plaintiff to adduce any evidence whatsoever as to who was the rightful owner of said automobile and whether or not said rightful owner had or had not given permission for the use of said automobile.”
*523 Under Specification of Error Nos. 1 and 2, plaintiff in his brief quotes from the policy annexed to the motion for summary judgment the clause reading as follows:
“Part 1. — Liability
“Persons insured: The following are insured under Part 1:
“(a) with respect to the owned automobile.
“(1) The named insured and any resident of the same household.
“(2) Any other person using such automobile provided the actual use thereof is with the permission of the named insured.”
Counsel for plaintiff therefore contended Mrs. Townsend’s husband who was driving the automobile on the date of the accident, was insured under the above provisions, “provided he had the permission of the owner to use said car,” and although “The defendant took the discovery depositions of Don Rollinson and Jimmie Rollin-son, but neither of said depositions were filed in evidence in this case, therefore, neither the District Court or this Court can consider the depositions in deciding whether or not Townsend, the driver of said car, had obtained the permission of the owner to use the automobile, or was using same with his permission as alleged by plaintiff.” He cited in support of this argument the case of Harris v. Alexander, Coca Cola Bottling Company, La.App., 41 So.2d 93, in which our brethren of the Second Circuit were confronted with the question of whether certain depositions had been offered in evidence, but which were not incorporated in the record. The Court found the only reference to the depositions shown by the record were the remarks of plaintiff’s counsel in closing the case in chief as follows:
“With these depositions and with the reservation of putting Mrs. Deer on, I rest.”
The Court squarely held the above statement did not sufficiently comply with the formalities which are required in tendering depositions in evidence and to hold they were now before the appellate court would,, in effect, be to deprive counsel for defendant of the opportunity to object to their admission. The Court under Article 906 of the Code of Practice in the interest of justice remanded this case for the introduction of the depositions.
Evidently, as the direct result of having received and read defendant’s brief, counsel for the plaintiff obtained an order for a supplemental transcript from the trial judge and the depositions were filed in this transcript and are now before this court. In this supplemental transcript is a certificate by the trial judge as follows:
“CERTIFICATE
“I hereby certify that in passing on the motion for summary judgment filed on behalf of defendant, Peerless Insurance Company, in the above numbered and entitled cause, there was presented to me as evidence in support of the motion, a certified copy of the policy of public liability insurance in effect on the vehicle involved in the accident sued on, the deposition of Don Bradford Rollinson taken March IS, 1962 and received in the office of the Clerk of Court on March 28, 1962, and the deposition of James Rollinson taken May 16, 1962 and received in the office of the Clerk of Court on May 21, 1962, and my ruling sustaining the motion and dismissing plaintiffs’ suit was predicated entirely on such documentary evidence.
“This certificate is furnished at the request of the attorneys for defendant-appellee, who have informed the Court that the depositions have been omitted from the transcript of appeal filed in the Honorable Court of Appeal, First Circuit, in order tha.t a supplemental, *524 transcript might be filed so as to complete the original transcript.
“Baton Rouge, Louisiana, March 12, 1963.
“Coleman Lindsay, Presiding Judge in the trial of the motion for summary judgment in the above numbered and entitled cause.”
It is to be noted in this certificate the honorable trial judge stated in the above numbered and entitled cause “there was presented to me as evidence in support of the motion, * * the certified copy of the policy of public liability insurance in effect and the depositions of Don Rollinson and James Rollinson, giving the dates taken and received in the office of the Clerk of Court, which latter date was prior to the trial of the motion for summary judgment. (Emphasis added)
Under the facts of this case, the Harris case, supra, is not controlling. We accept the statement of the trial judge that these depositions were presented “as evidence”. Counsel for plaintiff was present when these depositions were taken and participated therein.
Therefore, the District Court did have before it evidence with regard to whether the car was being used without the owner’s permission and based on such evidence the Court found the car was being used without the owner’s permission and followed the ruling of the Supreme Court as laid down in Rogillio et al. v. Cazedessus, et al., 241 La. 186, 127 So.2d 734, and by our brethren of the Third Circuit in Coco v. State Farm Mutual Ins. Co., La.App., 136 So.2d 288, which followed the jurisprudence as laid down by the Supreme Court in the Cazedessus case and in which the latter court refused writs of certiorari.
As to Specification of Error No. 3 that the District Court erred in granting defendant’s motion for summary judgment without permitting plaintiff to produce any evidence whatsoever as to who was the rightful owner of said automobile, etc., counsel for plaintiff states in his brief it would be a miscarriage of justice not to permit the plaintiff to produce evidence as to ownership of this automobile, particularly as Don Rollinson, who lived in the same household as plaintiff, had continuous and uninterrupted possession of the said automobile and James Rollinson, the record owner, had never used or had the car in his possession since the date of purchase. Counsel for plaintiff has attached to this brief an alleged copy of a petition wherein the same parties plaintiff purportedly sue the same party defendant based upon the same policy of insurance which was issued in the name of “Jimmie Rollinson” but upon specific allegation that Don Rollinson was the real owner of the automobile and the title to the car was placed in the name of “Jimmie Rollinson” for convenience only and the plaintiffs had requested the loan of this Buick sedan automobile from the rightful owner, Don Rollinson, who “gladly loaned them the automobile to make the trip.”
The court can only consider the petition and other pleadings and evidence contained in the present suit and upon which the lower court rendered its judgment. No issue of ownership was made by either party in the court below and for the purpose of the questions now before the court Jimmie Rol-linson is considered the owner as alleged in plaintiff’s petition and sworn to by both Rollinsons in their respective depositions.
Counsel for plaintiff filed a supplemental brief in which he additionally contended and argued that under the provisions of Article 1428, Code of Civil Procedure, the depositions are not admissible and could not have been filed in evidence even had they been offered.
Article 966 of the Louisiana Code of Civil Procedure specifically governs the procedure in a motion for summary judgment and just as specifically and definitely states the judgment shall be rendered forthwith “if the pleadings, depositions, and ad *525 missions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
In the recent case of Kay v. Carter, La., 150 So.2d 27, the Supreme Court of Louisiana, in considering the judgment rendered on a motion for summary judgment stated:
“The proceeding authorized in Louisiana Code of Civil Procedure, Article 966 et seq., concerning summary judgments is an innovation in our practice, and there is virtually no jurisprudence from the courts of this state relating to it. However, it was adopted with only minor, immaterial variations from Rule 56 of the Federal Rules of Practice; and, consequently, we are justified in considering the jurisprudence of the federal appellate courts pertaining to its proper application.
“Those courts have laid down certain 'basic principles to be followed in connection with the use of Rule 56 to obtain summary judgments. As stated in Volume 6 of Moore’s Federal Practice, 'Second Edition (numerous federal decisions are therein cited and discussed), in passing upon a motion for a summary judgment the purpose of permitting the court’s examination of proffered materials extraneous to the pleadings is not that ‘of trying an issue but to determine whether there is a genuine issue of material fact to be tried’ (page 2030); the burden is on the mover to •show that there is no genuine issue of fact (pages 2111, 2123 et seq.); and .any doubt must be resolved against the ¡granting of a summary judgment (pages 2114 — 2119). Incidentally, to a similar effect (and citing numerous federal decisions) is an annotation under Article 966 in West’s Louisiana Code of Civil Procedure, it reading: ‘One who •moves for summary judgment has burden of demonstrating clearly the ab-sence of any genuine issue of fact and any doubt as to existence of such an issue is resolved against the movant.
“Again, in a summation of the holdings in the mentioned jurisprudence the same authority (Moore’s Federal Practice), on pages 2120 and 2121, makes the following pertinent observations : ‘The above principles and decisions, most of which reversed the trial courts’ grant of summary judgment, indicate that the trial courts had too freely granted summary judgment and allowed the procedure as an improper substitute for a live trial. * * *
“ ‘While trial judges may feel that the appellate courts have unduly limited summary judgment and have often applied the Rule unrealistically, and some trial courts are still too prone to grant summary judgment, there is considerable evidence that the early and unsound trend in the trial courts has been checked and that district judges now recognize that summary judgments are to be cautiously granted. If there is to be error at the trial level it should be in denying summary judgment and in favor of a full live trial. * * * ’
“Furthermore, in the Official Revision Comments relative to Louisiana Code of Civil Procedure Article 966 it is stated: ‘Under the 1870 Code of Practice there is no counterpart to the ' motion for summary judgment. Even though, in all probability, it will not be successfully utilized often, the availability of the device and its potential for expeditious disposition of frivolous, but well pleaded, demands and defenses should go very far in discouraging such demands and defenses.’ This comment seems to indicate that the primary purpose of the procedure in question is to minimize the judicial urging of frivolous claims.”
We therefore hold the depositions are properly in the record and before this *526 court and must be examined upon this appeal, along with all other pleadings in the record, not for the purpose “of trying an issue but to determine whether there is a genuine issue of material fact to be tried.”
The basis for the motion for summary judgment by the defendant is the contention that the plaintiff had no permission to use the car from the insured and alleged owner, James Rollinson, and therefore under the settled jurisprudence as established by the Supreme Court of Louisiana in Rogillio v. Cazedessus, supra, there must be judgment in favor of the defendant.
It is therefore apparent that the issue presently posed for determination is whether the pleadings and annexed documents which consist of the depositions given by the alleged owner of the automobile involved in the accident, James Rollinson, and his nephew, Don Rollinson, show with certainty that the plaintiffs had no permission from the alleged owner, James Rollinson, to use the automobile on the date of the accident.
An examination of the testimony of the deponents reveals James Rollinson was the owner of this car and had given definite instructions to his nephew, Don Rollinson, not to let anyone drive the automobile, although approximately two weeks prior to this accident he had consented to the loan of the automobile by his nephew to Townsend, and he further testified he had heard, as well as knew of, one occasion when Townsend had used the car, however, this was contrary to his instructions to his nephew.
Don Rollinson testified in his deposition the automobile belonged to his uncle and the latter had instructed him not to let any one drive the automobile and specifically on the date of the accident Townsend was driving the automobile without the permission of his uncle, James Rollinson.
There are no counter affidavits, depositions, or evidence in any other form to deny the positive testimony of James and Don Rollinson that on the date of the accident Townsend did not have permission from the insured owner of the automobile to use it. In the absence of such evidence the motion for summary judgment was properly maintained. Goodart v. Maryland Casualty Co., La.App., 139 So.2d 567; Rushing v. Weyerhaeuser Co., La.App., 144 So.2d 420.
We therefore conclude there was no genuine or real issue as to the material fact that the alleged owner of the automobile being driven by Townsend on the day of the accident had not given any permission to the latter to use his automobile.
For the above and foregoing reasons the judgment of the District Court is affirmed.
Affirmed