161 So.2d 293 (1964)
George B. BOOTHE, Plaintiff-Appellant,
v.
The FIDELITY & CASUALTY COMPANY OF NEW YORK et al., Defendants-Appellees.
No. 10142.
Court of Appeal of Louisiana, Second Circuit.
February 13, 1964.
*294 Hewitt B. Johnson, Monroe, John S. C. Massey, West Monroe, for plaintiff-appellant.
Cotton & Bolton, Rayville, for Great American Indemnity Company of New York, defendant-appellee.
Before GLADNEY, AYRES, and BOLIN, JJ.
GLADNEY, Judge.
Plaintiff has appealed from a decree sustaining a motion for summary judgment in favor of defendant, Great American Indemnity Company of New York.
Suit was instituted against The Fidelity & Casualty Company of New York and the Great American Indemnity Company of New York for personal injuries sustained October 15, 1958, when plaintiff was a guest passenger in a 1956 Ford automobile, driven by Ralph E. Rayborn, the petition alleging that the car was being driven by and with the permission of Charles C. Rayborn, the owner.
A compromise settlement was entered into between plaintiff and The Fidelity & Casualty Company of New York, which company was dismissed with prejudice and is no longer a party to this suit. Petitioner, however, asserts that he expressly reserved all his rights against the Great American Indemnity Company. For a cause of action against Great American Indemnity Company, it is alleged that it issued to Charles Rayborn, the owner of the 1956 Ford automobile, a policy of liability insurance which was in full force and effect on the date of *295 the injuries received by petitioner, and that petitioner has a claim against said insurer for injuries received by him within the purview of said policy. Following the filing of an answer by the Great American Indemnity Company, in due course, it also filed a motion for summary judgment predicated on the fact that Great American Indemnity Company's insured, Charles Rayborn, had sold the automobile involved in the accident 15 days before the accident, and that, five days prior to the accident, the company had effected a change-of-car endorsement whereby the coverage was taken off of the 1956 Ford automobile involved in the accident and such coverage was transferred to another vehicle acquired by Charles Rayborn.
The motion for summary judgment was supported by affidavits of Charles C. Rayborn and Mrs. Lois S. Spann, a partner in the local insurance agency representing the defendant company. On the day set down for the hearing, the plaintiff filed no counter or opposing affidavits and thus the trial court had nothing before it except the pleadings, the motion for a summary judgment, and the supporting affidavits and exhibits attached to one of the affidavits. The mover therefore submitted his case with the aforementioned evidence. The record fails to disclose that the plaintiff at any time offered new opposing evidence; nor did he make any further request for delay from the court.
In brief before this court, counsel for appellant represents that the court committed error in rendering judgment without permitting him the right of oral cross-examination of Charles Rayborn, Mrs. Spann, and Ralph Rayborn, who were available for such purpose. The judgment of the trial court contains the following clause:
"* * * It appearing to the Court's satisfaction from attached affidavits and other evidence, that there is no genuine issue of fact as to the insurance coverage of the said defendant, and in the absence of counter affidavits on the part of the plaintiff, there appears to be no dispute with regard to the facts set forth in the defendant's motion."
Before this court, counsel in brief assign error to the judgment in receiving the affidavits of Charles C. Rayborn and Mrs. Lois S. Spann, to which latter affidavit was attached a copy of the change-of-car endorsement attached to the original policy; and further error is charged in that the court denied plaintiff the right to orally cross-examine the witnesses aforementioned.
The principal issue for ultimate determination is simply whether, on a motion for summary judgment, the adverse party has the right to confrontation and cross-examination of witnesses and the introduction of oral testimony in opposition to a motion for summary judgment at the hearing. The issue, as stated, is taken from appellant's brief wherein it is argued that the affidavits do not represent they were made from the personal knowledge of affiants, and, further, that the copy of the change-of-car endorsement was not properly identified. We find this argument to be without merit. An examination of both affidavits disclosed that Charles C. Rayborn, who represented he had owned, disposed of, and changed the insurance on his 1956 Ford, spoke from personal knowledge, as did Mrs. Lois B. Spann who effected the change-of-car endorsement and declared, in her affidavit, that it was a true copy of the original that was attached to the policy.
Plaintiff argues certain constitutional questions pertaining to his right of confrontation and cross-examination of witnesses on a hearing on the motion for summary judgment. The record discloses no plea as to the constitutionality of Arts. 966 and 967 of the LSA-Code of Civil Procedure, and, in consequence thereof, we shall not consider the articles under constitutional attack. Arts. 966 and 967 provide for the procedure of a motion for summary judgment which is new to our jurisprudence *296 and finds its source in Federal Rule 56(a-c). Therein it is provided that plaintiff's motion may be made with or without supporting affidavits, and that the adverse party may serve opposing affidavits prior to the day of the hearing.
Art. 966 in part provides:
"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
And Art. 967 prescribes:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.
"If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavits facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
From our examination of the affidavits involved, conclusive statements are made therein from personal knowledge which disclose that the 1956 Ford automobile involved in the accident on October 15, 1958, was not, in fact, covered by the policy issued by Great American Indemnity Company of New York to Charles Rayborn. Mrs. Spann's affidavit stated:
"* * * That at the time of making the said application for change of coverage, Charles Rayborn informed Affiant that he had traded his 1956 automobile, aforesaid, to Ralph Rayborn for a 1954 Model Ford Customline Tudor Sedan.)"
She also affirmed therein, under oath, that the change-of-car endorsement was completed, accepted, and final as of October 10, 1958. The affidavit of Charles Rayborn was to the same effect. In the absence of counter affidavits and other evidence presented in accordance with Arts. 966 and 967 of the LSA-Code of Civil Procedure the fact of noncoverage appears to be conclusively established.
The sole purpose of the motion for summary judgment is to determine if, prior to trial of the case, there is or is not a genuine issue of fact. Where it is clearly shown by receivable evidence that a genuine issue of fact is not presented and cannot be supplied on the hearing of the motion for summary judgment, an unnecessary trial of the case may be avoided. The codal articles clearly preserve the right of the adverse party to resist a motion of summary judgment by presenting counter affidavits, exhibits, or depositions which may contain cross-examination of witnesses, in which event, if such evidence contradicts that of movant and indicates a genuine issue of fact may exist, the court has the right to and should deny the motion for summary judgment. In this case, however, the plaintiff has submitted no affidavits, exhibits, or depositions to contradict those filed on behalf of movant and, in the absence of such opposition, the court has little, if any, choice save to sustain the motion.
In Goodart v. Maryland Casualty Company, La.App., 139 So.2d 567, 570 (4th Cir. 1962), the appellate court sustained the ruling of the trial court, saying:
"The lower court acted properly in maintaining the motion for summary judgment on the basis of the uncontroverted *297 affidavits furnished, and that the Deputy Commissioner of the Bureau of Employees' Compensation, U. S. Department of Labor, had in his administrative discretion, accepted Plaintiff's claim as one falling within the Outer Continental Shelf area."
Likewise, in Rushing v. Weyerhaeuser Company, La.App., 144 So.2d 420, 423 (4th Cir.1962), the court held:
"The trial court acted properly in maintaining the motion for summary judgment on the basis of the uncontroverted affidavits furnished."
Again, in Townsend v. Peerless Insurance Company, La.App., 153 So.2d 520, 524 (1st Cir.1963), the court stated it could only consider the petition and other pleadings presented to and acted upon by the lower court in reaching its decision, and commented:
"Article 966 of the Louisiana Code of Civil Procedure specifically governs the procedure in a motion for summary judgment and just as specifically and definitely states the judgment shall be rendered forthwith `if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.'"
The trial court, in Wilkinson v. Husser, La.App., 154 So.2d 490 (1st Cir.1963), had allowed the movant to present, upon the hearing, oral testimony of a witness and thereafter granted the motion for summary judgment. The appellate court disapproved and remanded the case for trial, observing, with respect to the provisions of Arts. 966 and 967 of the Code of Civil Procedure:
"* * * We believe the provisions of Article 966 LSA-C.C.P. clearly indicative of the principle a motion for summary judgment is not intended to be in the nature of a trial of a factual issue and in keeping therewith we believe our learned brother below erred in treating appellees' motion as an opportunity to resolve and decide factual issues rather than a procedural device to determine whether or not a genuine issue of fact existed as evidenced by the pleadings, affidavits, depositions and admissions on file. We further believe our esteemed brother below erred in predicating his ruling on appellees' motion solely on the testimony of movant taken upon hearing of the motion for summary judgment in the same manner as though trial of the motion were trial of an issue of fact. We reiterate that Article 966 LSA-C.C.P. contains no authority for the examination of a litigant by direct and cross examination upon the trial of such motion. * * *
"Granting only one witness testified on the trial of appellees' motion and conceding further said witness's appearance was apparently with the consent of counsel for all parties concerned, nevertheless, to sanction such procedure can have no practical effect save the fostering and encouragement of piecemeal trials and appeals."
A recitation of the foregoing authorities is adequate to establish that oral testimony is not admissible and should not be countenanced by a trial court upon the hearing of a motion for summary judgment. The courts have not sustained the movant in a motion for summary judgment except in cases where it clearly appears there is no genuine issue of material fact to be tried in the lawsuit. Thus, in Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963), the Supreme Court, with Chief Justice Fournet dissenting, reversed the trial court and Court of Appeal, granting summary judgment in favor of the purchaser of certain realty. Involved in the suit was $500 earnest money which the vendor asked the court to award to him after the purchasers had rejected the proper title within the time limit fixed. The Supreme Court held that the pleadings and accompanying *298 documents did in fact disclose an issue of material fact as to whether vendor's title had been rendered merchantable within 30 days as required by the contract.
Likewise, in Haspel v. Treece et al, La. App., 150 So.2d 120 (4th Cir.1963) (writs denied), the court refused to sanction a motion for summary judgment. In that case, the defendants' insurer based its motion for a summary judgment upon the deposition statement of the assured, Haspel, that he had instructed his daughter not to permit others to use the automobile involved in the accident which occasioned injuries to plaintiff. In support of the motion, the pleadings and an affidavit only from Haspel were filed. Affidavits from two other persons, including Haspel's daughter and Treece, the driver of the car, or depositions taken from them under cross-examination were not attempted by plaintiff who argued that the matter of permission and prohibition as to the use of the automobile, both in actual fact and under all the circumstances, was peculiarly within the knowledge of the insured and his daughter. The court significantly observed:
"* * * Cross examination in open court of these persons, and of Treece, may be the only effective means by which Topolanek would have any reasonable opportunity of disproving Haspel's statement as to the restriction against allowing others to drive the car. We do not feel that the summary judgment procedure was intended to go so far as to deprive a litigant of such an opportunity. On some occasions, in the interest of fairness and justice, it may be better to make haste slowly. Summary judgment, which deprives a litigant of a trial on the merits, is not a substitute for such a trial and is to be made use of only in those cases which clearly fall within the provisions of the codal articles. The mover for a summary judgment has the burden of clearly proving the absence of any genuine issue as to material fact and all reasonable doubts must be resolved against the mover. LSA-C.C.P. Art. 966; Jacobs v. Beck, La.App., 141 So. 2d 920."
The foregoing decisions, particularly Kay v. Carter and Haspel v. Treece, are clearly distinguishable upon their facts from the instant case.
The judgment appealed from is affirmed at appellant's cost.
Affirmed.