BAILES, Judge.
This is an appeal by defendants and third party plaintiffs, Emerson R. Williams, Masonry Products Sales, Inc., and The Continental Insurance Company from the summary judgment rendered on the motion of defendants and third party defendants, J. Wilton Jones Company, Inc., and Lum-bermens Mutual Casualty Company. The above-named third party plaintiffs were seeking judgment against the named third party defendants for whatever sum the third party plaintiffs may be condemned to pay plaintiffs in the main demand, or alternatively, contribution from third party defendants as joint tortfeasors.
The trial court also granted summary judgment in favor of defendants, Jones and Lumbermens, on their motion, against the plaintiffs’ main demand. However, as plaintiffs have not appealed, the summary judgment as to them is final.
The pertinent allegations of the plaintiffs’ petition are these: That Mrs. Hertha R. Bart, with her husband, Morris Bart, as passenger, was driving an automobile owned by Bart Construction Company, Inc., across the Greater New Orleans Mississippi River Bridge and at the same time and place and to the rear of the Bart vehicle, Emerson R. Williams was driving a truck owned by Masonry Products, Inc., and insured by The Continental Casualty Company; that at the same time and place and in front of the Bart vehicle, Sam Johnson was driving a truck owned by J. Wilton Jones Company, Inc., and insured by Lumbermens Mutual Casualty Company; that a large portion of insulation or other material fell from the Jones truck directly into the path of the Bart vehicle; that when Mrs. Bart slowed her vehicle to avoid striking the material in the roadway, the truck driven by Williams *525 violently crashed into the rear of her vehicle, causing serious and painful injuries to the occupants and property damage to the automobile. Plaintiffs further alleged certain acts of negligence on the part of the drivers of both trucks.
The discovery depositions of Mr. and Mrs. Bart were taken by defendants, Jones and Lumbermens. Contrary to the pleadings, both of these parties testified that the accident occurred in the following manner, to-wit:
That Mrs. Bart, accompanied by her husband, was driving across the said bridge on this occasion; that she was in the right lane of traffic proceeding with vehicles in front and in rear, when she noticed that the vehicles in front of her were coming to a stop; that after she had been stopped for five or six seconds she looked in her rear view mirror and saw the Masonry Products truck just before it collided with the rear of her car. Further, she testified that she could see three to four cars ahead of her in'the right lane come to a stop, and this necessitated her stop. Additionally, she testified that she did not see any trucks ahead of her nor did she see anything on the road.
It is clear from the depositions of both Mrs. Bart and her husband that neither were aware, at this time, of anything having fallen from any truck to the roadway and that the only reason they could give for stopping was that the cars had stopped ahead of them in their lane.[1]
The countervailing affidavit of Emerson Williams was filed by the opponents. This affidavit, in part, includes this statement: " * * * I was going over the bridge toward Gretna at about 11:00 a. m. and was in the right lane. I was going about 25 to 30 miles per hour and on my way down the bridge the Bart automobile was travelling in the inside. Then the Bart auto changed lanes suddenly and at the same time some insulation dropped off a truck in front of the Bart auto in the outside lane. Then she abruptly stopped because of the insulation which had fallen off the truck. * * *»
As we view the depositions of the plaintiffs, Mr. and Mrs. Bart, their testimony is at variance with the allegations of their petition, as to whether any object fell from the Jones truck into their traffic lane which they allege proximately caused or proximately contributed to the accident. On the other hand, insofar as the third party defendants are involved, the countervailing affidavit of Williams sets forth positive statements of fact that some insulation dropped off the truck (apparently the af-fiant is referring to the Jones truck) in front of the Bart auto and this was the cause of the Bart vehicle abruptly stopping in front of the Masonry Products truck.
The party invoking summary judgment procedure provided for in LSA-C.C.P. art. 966 has the burden of demonstrating clearly the absence of any genuine issue of a material fact and any doubt that exists of whether there is a dispute of a material fact must be resolved against the mover. Leger v. Southern Farm Bureau Cas. Ins. Co., La.App., 251 So.2d 801 (1971); Green v. Southern Bell Tel. & Tel. Co., La.App., 204 So.2d 648 (1967).
The sole purpose of motion for summary judgment is to determine, prior to trial, if there is a genuine issue of a material fact. Boothe v. Fidelity & Cas. Co. of New York, La.App., 161 So.2d 293 (1964).
With the allegations of facts of the plaintiffs’ petition in mind, we look to the assertion of facts contained in the Barts’ depositions and the facts as set forth in the countervailing affidavit to determine if there is a genuine dispute of fact material to a determination of the contest between the parties. We find, in considering the motion, the affidavit of Emerson Williams *526 puts at issue a material fact, which if proved on trial, must be considered in determining liability of the owner and insurer of the Jones truck. In his affidavit, Williams attests to a fact that “some insulation dropped off a truck in front of the Bart auto in the outside lane * * thus causing the driver of the Bart vehicle to suddenly change lanes.
We find there is a genuine issue as to a material fact which is to be resolved on a trial of the case.
Accordingly, the judgment appealed from is annulled and reversed, and the case is remanded to the trial court for further proceedings according to law.
The appellee is cast for all cost of this motion as it pertains to this appellant both in the trial court and on this appeal.
Reversed and remanded.

. Even if these were undiputed facts, it may be doubted that as a matter of law Jones was entitled to dismissal; See Pierre v. Allstate Ins. Co., 257 La. 471, 242 So.2d 821 (1971).