JONES, Judge.
Plaintiff appeals from a judgment of the District Court dismissing his suit on an exception of res judicata filed by the defendants, his employers and their insurer. Plaintiff, alleging that he was injured on June 30, 1958, when working as a longshoreman on an ocean-going ship anchored at the Baton Rouge-Port Allen docks, brought suit on May 8, 1959 in the United *59 States District Court for the Eastern District of Louisiana, Baton Rouge Division. While the federal suit was pending, or on June 19, 1959, he filed suit in the state court under provisions of the Workmen’s Compensation Act, which he alleges was for the purpose of interrupting prescription in the state court and which he had a right to do under the holding of Richard v. Lake Charles Stevedores, La.App., 95 So.2d 830, giving concurrent jurisdiction to federal and state courts in cases of this •character. After his suit was dismissed in the federal court on his own motion, the ■defendants filed an exception of res judicata in the state court which was sustained by the District Judge, and it is from this ruling that this appeal is taken.
We note in the record that in the state •court testimony was taken on an exception to the jurisdiction of the court and even ■though this matter is not before us the testimony there reflects that originally the plaintiff made a claim under the Longshoremen’s and Harbor Workers’ Act, 33 U.S.C. A. § 901 et seq., for compensation payments ■and was paid compensation until it was ■determined by the Commissioner in the City •of New Orleans that he was able to return to work. It was, of course, after this determination that the suit was filed in the federal court.
Recovery was sought in the federal court, first under the Jones Act and, in the alternative, in Maritime Tort and, in the further alternative, under the workmen’s compensation laws of the State of Louisiana. To this petition the defendants filed a motion to dismiss and the federal court rendered judgment dismissing all three counts of the plaintiff’s suit. Shortly thereafter, the plaintiff filed a notice of an order of appeal to the Fifth Circuit Court of Appeal. Some six weeks later plaintiff negotiated a settlement with the insurer of the ship on which he was hurt and, as a result of this settlement, received $2,000, and he thereafter filed, on March 2, 1960, a motion to dismiss the suit in the federal court, stating in the motion that all claims arising out of the accident had been amicably settled. The suit was dismissed by the federal court with prejudice as to the defendants, including the present deiendants-ap-pellees herein.
Thereafter, the defendants filed an exception of vagueness and an exception to the jurisdiction of the state court. The judge overruled both of these exceptions for the written reasons contained in the record and these matters are not before us for review. Thereafter, however, defendants filed an exception of res judicata based on the ground that plaintiff had voluntarily dismissed his suit with prejudice in the federal court and the plea was sustained.
It is the contention of the plaintiff-appellant that, in order for the doctrine of res judicata to be applicable to a subsequent suit on the same cause of action, it must have been based on the merits of the case and since the judgment of dismissal by the federal court was based on the ground that said court was without jurisdiction, then such dismissal does not constitute a bar to the proceedings in the state court. He further contends that since he has brought his suit in the state court under the provisions of the Workmen’s Compensation Act no settlement of the case could be made without the approval of the court in accordance with LSA-R.S. 23:1271 and 1272. As we appreciate it, he further contends that when the federal court dismissed his suit on the defendants’ motion, the case was concluded in the federal court irrespective of his notice of appeal.
We are of the opinion that when the plaintiff filed a motion to appeal in the federal court the case was kept alive therein. Under provisions of U.S.C.A. Title 28, Rule 73(a), the manner in which an appeal may he taken from a district court to a federal appellate court is set forth. The pertinent provisions of the rule under consideration herein are as follows:
“A party may appeal from a judgment by filing with the district court a *60 notice of appeal. Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal. If an appeal has not been docketed, the parties, with the approval of the district court, may dismiss the appeal by stipulation filed in that court, or that court may dismiss the appeal upon motion and notice by the appellant.”
Thus it is apparent, from a reading of the above rule, that the failure of the plaintiff to take any further steps after filing the notice of appeal did not affect the validity of the appeal and when he went back to the federal court with his motion to dismiss his suit said suit was still pending in said court. The case was not actually dismissed in the federal court until March 2, 1960, at which time a motion was filed by the plaintiff, through his present counsel, on the ground that the plaintiff had amicably settled all claims and demands arising out of the suit. Accordingly, the suit was dismissed by the federal court and the order stated that:
“ * * * all claims or demands of every nature and kind in anywise advanced by Aaron Jones arising out of or in anywise connected with the certain incident on or about June 30, 19S8, when the said Aaron Jones claims to have sustained certain personal injuries as set forth in his pleadings in this proceeding, be and the same are hereby dismissed with prejudice and without costs.”
From the foregoing, it is apparent that plaintiff’s suit was not dismissed upon defendant’s exception to the jurisdiction of the court but rather upon plaintiff’s own motion in the federal court predicated upon a settlement of all plaintiff’s rights therein and, as such, said dismissal constituted a consent judgment which is binding and conclusive and operates as res judicata as effectively as a judgment after contest, American Jurisprudence, Judgments, Section 148.
We find no merit in plaintiff’s contention that the compromise and settlement of his federal court action does not bar his-suit for workmen’s compensation in the-courts under the laws of this state because said settlement was, in essence, a compromise of a compensation claim without judicial sanction and approval contrary to-the expressed provisions of our workmen’s-compensation statutes.
As we held in Beadle v. Massachusetts Bonding & Ins. Co., La.App., 87 So.2d 339, and Richard v. Lake Charles Stevedores, Inc., et al., supra, in those instances in which there exist an overlapping of federal-maritime and state compensation remedies, concurrent jurisdiction exists in both the state and federal courts and the employee’s choice of either remedy or jurisdiction will be upheld. In such instances, as in the case at bar, although there is only one cause of action, the injured employee is free to-select the forum and remedy most favorable to him. Plaintiff herein has elected to pursue and has, in fact, pursued the federal remedy to ultimate conclusion thereby destroying the single cause of action which existed in his favor and eliminating any basis for a suit under the workmen’s compensation laws of this state. To hold as esteemed counsel urges would, in effect, grant plaintiff “two bites at the apple” or a dual' cause of action against the same party arising out of a common incident giving rise to the collection of debts, remedies or benefits which rules of equity do not, for obvious reasons, permit.
The plea of res judicata was properly sustained and the judgment of the District Court is affirmed.
Affirmed.