139 So.2d 567 (1962)
Fred O. GOODART
v.
MARYLAND CASUALTY COMPANY.
No. 664.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 1962.
*568 Landrieu, Calogero & Kronlage, Charles A. Kronlage, Jr., New Orleans, for plaintiff-appellant.
Deutsch, Kerrigan & Stiles, Marian Mayer, New Orleans, for defendant-appellee.
Before REGAN, YARRUT and JOHNSON, JJ.
YARRUT, Judge.
Plaintiff appeals from a judgment dismissing his suit for compensation under the La. Workmen's Compensation Act upon Defendant's motion for summary judgment and exception of no cause of action, as authorized by LSA-C.C.P. Art. 966 et seq. In effect, the district court maintained Defendant's contention that it had no jurisdiction to award workmen's compensation, such jurisdiction having been pre-empted by Congress under the Outer Continental Shelf Lands Act, 43 U.S.C.A. § 1331 et seq.
Plaintiff alleges he was employed by Southern States Equipment Company, Inc. as a general mechanic at the time of his injury, and while so employed he was transported to an oil production platform situated in Block No. 82, Gulf of Mexico, for the purpose of making repairs to an American crane which had been sold by his employer to Shell Oil Company. While an attempt was being made to convey him onto the production platform by having him swing on a rope from the crewboat to the platform, Plaintiff slipped, fell, and sustained permanent and totally disabling injuries.
Defendant is the workmen's compensation insurer of Plaintiff's employer.
The district court first overruled Defendant's motion and exception, but following the decisions of the Supreme Court of La. in Stepter v. T. Smith & Son, Inc., 241 La. 465, 129 So.2d 740, and Ellis v. Travelers Insurance Company, 241 La. 433, 129 So.2d 729, these rulings were recalled and set aside, followed by judgment maintaining both and dismissing Plaintiff's suit.
The issues are one of fact and law, the issue of fact being whether or not Plaintiff's injury actually occurred in the Outer *569 Continental Shelf, and, if so, does a state court have jurisdiction.
Regarding the facts, the affidavit submitted by Defendant in support of its motion for summary judgment, shows clearly the situs of the injury to be East Cameron Block 82 off Shell platform "A", and that Block 82 is in the Outer Continental Shelf area; and that the Deputy Commissioner of the Bureau of Employees' Compensation, U. S. Department of Labor, has accepted supervision of the claim as one falling within the extension of the Longshoremen's and Harbor Workers' Compensation Act as applied to the Outer Continental Shelf. No countervailing affidavit or deposition was filed challenging Defendant's affidavit of proof.
Hence, the issue is whether Plaintiff's remedy falls exclusively under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.), as extended by the Outer Continental Shelf Act (43 U.S.C.A. § 1331 et seq.).
The decisions in Stepter v. T. Smith & Sons, 241 La. 465, 129 So.2d 740, Ellis v. Travelers Insurance Company, 241 La. 433, 129 So.2d 729, and the denial of writ in Berner v. Oil Transport Company, La.App., 126 So.2d 731, have definitely settled that the workmen's compensation act of Louisiana cannot be invoked in those areas in which Congress has properly pre-empted the field, and has provided an exclusive remedy.
Congress has the exclusive right and has pre-empted this field by enacting the Outer Continental Shelf Act, and the Submerged Lands Statute. 43 U.S.C.A. § 1301 et seq., 43 U.S.C.A. § 1331 et seq.
The Outer Continental Shelf Act (§ 1333) provides that all persons injured on the Outer Continental Shelf, except seamen, have, as their exclusive remedy, the Longshoremen's and Harbor Workers' Compensation Act, as follows:
"(c) With respect to disability or death of an employee resulting from any injury occurring as the result of operations described in subsection (b) of this section, compensation shall be payable under the provisions of the Longshoremen's and Harbor Workers' Compensation Act. For the purposes of the extension of the provisions of the Longshoremen's and Harbor Workers' Compensation Act under this section
"(1) the term `employee' does not include a master or member of a crew of any vessel, or an officer or employee of the United States or any agency thereof or of any State or foreign government, or of any political subdivision thereof;
"(2) the term `employer' means an employer any of whose employees are employed in such operations; and
"(3) the term `United States' when used in a geographical sense includes the outer Continental Shelf and artificial islands and fixed structures thereon."
Title 43 U.S.C.A. § 1333(b), invests exclusively in the United States District Courts original jurisdiction "of cases and controversies arising out of or in connection with any operations conducted on the outer Continental Shelf for the purpose of exploring for, developing, removing or transporting by pipeline the natural resources, or involving rights to the natural resources of the subsoil and seabed of the outer Continental Shelf," subject exclusively to recovery under the Longshoremen's and Harbor Workers' Act. See § 1333(c), cited supra.
Since Plaintiff was injured while being transported to, and while being hoisted on an oil production platform, as a mechanic to make repairs thereon, he was engaged in a case "arising out of or in connection with any operations conducted on the outer Continental Shelf for the purpose of exploring for, developing, removing or transporting by pipeline the natural resources, or involving *570 rights to the natural resources of the subsoil and seabed of the outer Continental Shelf."
Except for masters and members of a crew of a vessel, the Longshoremen's and Harbor Workers' Compensation Act is the exclusive remedy available to workers injured on the Outer Continental Shelf. Masters and members of a crew of a vessel are provided a recovery under the Jones Act. 46 U.S.C.A. § 688.
The language of the Outer Continental Shelf Lands Act is clear and unambiguous in this regard. Aside from this, the legislative history shows that, when the Act was originally proposed in the Senate, an early draft provided that, in case of injury or death in the Outer Continental Shelf area, compensation would be payable under the provisions of the Longshoremen's Act if recovery were not provided for by a state's compensation statute. However, this provision was eliminated and 43 U.S. C.A. § 1333(c) substituted, which declares that the only remedy for injuries or death suffered in the Outer Continental Shelf area is that provided by the Longshoremen's and Harbor Workers' Compensation Act. Senate Report No. 411, 83 Cong., 1st Sess., June 15, 1953.
Plaintiff admittedly is not a maritime worker nor a seaman; hence, he does not fall within the only exception provided in the Outer Continental Shelf Act. If he were a seaman, his exclusive remedy would be under the Jones Act, and not the Louisiana Workmen's Compensation statute.
Plaintiff contends that the Outer Continental Shelf Act applies only to maritime workers. We can find no such requirement in the Act. This contention evidently arises from the fact that the Longshoremen's and Harbor Workers' Compensation Act, which obviously was intended in its original form to apply to persons in maritime pursuit, injured over navigable waters, contains language defining who are longshoremen and harbor workers and the word "maritime" appears in that setting.
The Outer Continental Shelf Act and the United States Employees' Act, 5 U.S.C.A. § 751 et seq. are not the only instances in which Congress has extended the Longshoremen's Act to situations relating to persons other than longshoremen and harbor workers. Royal Indemnity Co. v. Puerto Rico Cement Corporation, 1 Cir., 142 F.2d 237.
Jurisdiction under the Outer Continental Shelf Act, regarding local workmen's compensation laws, is so clearly stated in an article in 32 Tulane Law Review 175, at p. 182, that we quote it verbatim, viz.:
"The effect of the Outer Continental Shelf Act is that, for jurisdictional purposes, the area of the shelf seaward from the three-mile line or other recognized historical state boundary shall be under the exclusive control of the United States, much in the manner of a post office or fort or other place under exclusive federal jurisdiction, but the civil and criminal laws of the adjacent state, where not in conflict with federal law, are to be applied by the federal district courts to controversies `arising out of or in connection with' any mineral operations on the shelf. One exception to the application of state law in the area seems to be that the Longshoremen's and Harbor Workers' Compensation Act would supplant any state workmen's compensation statute which might otherwise be applicable."
The lower court acted properly in maintaining the motion for summary judgment on the basis of the uncontroverted affidavits furnished, and that the Deputy Commissioner of the Bureau of Employees' Compensation, U. S. Department of Labor, had, in his administrative discretion, accepted Plaintiff's claim as one falling within the Outer Continental Shelf area.
In the absence of any counter-affidavits, it must be assumed that there is no *571 dispute with regard to the facts set forth in Defendant's motions. Art. 966 et seq., LSA-C.C.P., which follow rule 56 of F.R. Civ.P., 28 U.S.C.A.
For the reasons assigned, the judgment of the district court is affirmed; Plaintiff to pay all costs in both courts.
Affirmed.