175 So.2d 875 (1965)
Leroy CROOKS, Plaintiff-Appellant,
v.
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al., Defendants-Appellees.
No. 1427.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1965.
Rehearing Denied June 24, 1965.
*876 C. O. Brown, Alexandria, for plaintiff-appellant.
Stafford & Pitts, by John L. Pitts, Alexandria, for defendants-appellees.
Before TATE, FRUGE and SAVOY, JJ.
SAVOY, Judge.
This is a suit by plaintiff for workmen's compensation filed under the Workmen's Compensation Act of this State for injuries received while employed in drilling operations thirty miles offshore in the Gulf of Mexico. The defendant employer and its insurer excepted to the court's jurisdiction ratione materiae, contending that plaintiff's exclusive remedy is under the federal act which extends the Longshoremen's and Harbor Workers' Compensation Act to the Outer Continental Shelf, U.S.C.A. 43:1331 et seq., and U.S.C.A. 33:901 et seq.
After a hearing in the district court, the exception was maintained and plaintiff's suit was dismissed. From this judgment plaintiff has appealed.
Counsel for appellant, in brief and in oral argument before this Court, contends plaintiff's employment was such as to bring it within the so-called twilight zone doctrine which commenced in 1942 with the decision by the United States Supreme Court in the case of Davis v. Department of Labor, etc., 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, 248.
U.S.C.A. 43:1333, subsections (b) and (c) provide the following:
"(b) The United States district courts shall have original jurisdiction of cases and controversies arising out of or in connection with any operations conducted on the outer Continental Shelf for the purpose of exploring for, developing, removing or transporting by pipeline the natural resources, or involving rights to the natural resources of the subsoil and seabed of the outer Continental Shelf, and proceedings with respect to any such case or controversy may be instituted in the judicial district in which any defendant resides or may be found, or in the judicial district of the adjacent State nearest the place where the cause of action arose."
"(c) With respect to disability or death of an employee resulting from any injury occurring as the result of operations described in subsection (b) of this section, compensation shall be payable under the provisions of the Longshoremen's and Harbor Workers' Compensation Act. * * *"
The evidence in the instant care reflects that the plaintiff's duties were maritime in nature, were in connection with the subject matter defined in subsection (b) above, and were many miles offshore; and, consequently, the twilight zone doctrine has no application in this case.
*877 In view of the provisions of U.S.C.A. 43:1333, subsections (b) and (c), this Court is of the opinion that the sole remedy of the plaintiff in the instant case is to file suit for workmen's compensation under the provisions of U.S.C.A. 33:901 et seq., known as the Longshoremen's and Harbor Workers' Compensation Act. For a full discussion of the subject, see Goodart v. Maryland Casualty Company, La.App., 4 Cir., 1962, 139 So.2d 567.
For the reasons assigned, the judgment of the district court maintaining the exception to the jurisdiction ratione materiae is affirmed. Appellant to pay all costs of this suit.
Affirmed.
TATE, Judge (concurring).
The plaintiff, a resident of Louisiana, sues the defendant employer, a Louisiana corporation, and its compensation insurer, to recover workmen's compensation benefits for an accident occurring in the course of his employment. The employment relationship had substantial contacts with (and was in fact entered into in) Louisiana. Even though the accident occurred outside of Louisiana, under these facts the Louisiana employee's right to Louisiana compensation benefits for an accident arising out of a Louisiana-connected employment would ordinarily be recognized by the Louisiana courts. See Ohlhausen v. Sternberg Dredging Co., 218 La. 677, 50 So.2d 803; Williams v. Travelers Insurance Co., La.App. 1 Cir., 19 So.2d 586, certiorari denied.
Here, however, we have affirmed a dismissal of the injured employee's claim for Louisiana workmen's compensation.
Our basis for so doing is that the accident occurred offshore Louisiana, within the tidelands drilling area. While the same oil worker's injury would have been compensable anywhere else on earth if incurred in the course of his hazardous Louisiana-connected employment (even in Arabia, see Babineaux v. Southeastern Drilling Corp., La.App. 3 Cir., 170 So.2d 518, 532), the claim is denied because it occurred offshore Louisiana instead of in another state or in a foreign country.
I am concurring rather than dissenting because the few scattered decisions on the subject have likewise concluded that under U.S.C.A. 43:1333(c) of the Outer Continental Shelf Lands Act, 43 U.S.C.A. Sections 1331-43, the exclusive remedy for employees against their employers shall be the federal Longshoremen's & Harborworkers' Compensation Act, U.S.C.A. 33:901 et seq. See: Goodart v. Maryland Casualty Co., La.App. 4 Cir., 139 So.2d 567; Pure Oil Co. v. Snipes, C.A. 5, 293 F.2d 60 (1961) (dicta); Touchet v. Travelers Indemnity Co., W.D.La., 221 F.Supp. 376 (1963); Ross v. Delta Drilling Co., E.D.La., 213 F.Supp. 270 (1962). See also 30 Tulane L.Rev. 175, 182; but cf., 33 Tulane L.Rev. 209, 221-222 (1958), in the same symposium, pointing out the possibility of Louisiana workmen's compensation recovery in tidelands injuries. Also cf., Gravois v. Travelers Indemnity Co., La.App. 1 Cir., 173 So.2d 550.
The writer is frank to state that he himself finds no such legislative intent to specify the federal Longshoremen's Act as an exclusive remedy for work injuries of employees in oil-drilling operations off Louisiana's coast.
While the legislative history indicates that originally the Longshoremen's Act was to apply only if recovery was not provided for by a state compensation statute, see above-cited Goodart at 139 So.2d 570, the provision of the legislation as finally adopted provides that every injured offshore worker "shall" have the Longshoremen's remedy available to him. To me, this does not negate a concurrent coverage of a state compensation actit simply means that, if the injured offshore worker desires, he shall be entitled to compensation under the provisions of the Longshoremen's Act.
*878 Thus, 1333(c) as finally enacted provides that "compensation shall be payable under the provisions of the Longshoremen's & Harbor Workers' Act" with respect to offshore injuries. However, it does not provide that the remedy under this act is exclusive; it does not provide that workmen's compensation benefits shall not be payable under an applicable state statute. Similarly, the provision in 1333(b) quoted in the majority opinion that the federal courts "shall have original jurisdiction of cases and controversies arising out of or in connection with" offshore operation, does not, in my opinion, under its terms provide that such courts shall have exclusive jurisdiction. Compare, for instance, the provision in 28 U.S.C.A. Section 1333(1) that in cases of admiralty "the [federal] district courts shall have original jurisdiction, exclusive of the courts of the States, of * * *."
As the United States Supreme Court noted very recently, allowing the courts of the injured employee's residence to supply a compensation remedy "[t]he State where the employee lives has perhaps even a larger concern [than the place of the tort], for it is there that he is expected to return; and it is on his community that the impact of the injury is apt to be most keenly felt." Crider v. Zurich Insurance Co., 380 U.S. 39, 85 S.Ct. 769, 770, 13 L.Ed.2d 641 (1965).
It is true that, as presently administered, the present provisions of the federal Longshoremen's Act are an adequate remedy, in some respects more favorable to the injured employee than that afforded by our state compensation act. But this has not always been the case, nor need it necessarily be in the future.
In the absence of definite federal preemption prohibiting Louisiana from affording a compensation remedy to its residents with Louisiana-connected employment injured off Louisiana's shores, it seems to me that this should be treated as in the case of all other choice-of-law questions where an injured employee injured in one state in an employment relationship having substantial connection with another state is permitted a compensation remedy in either state. 2 Larson, The Law of Workmen's Compensation (1961) Section 85.00 et seq. As in such instance, double recovery under both acts would not of course be permitted. See 2 Larson Section 85.70; Leflar Conflict of Laws (1959), Section 138, p. 263. Likewise, a settlement of the claim under either act will destroy the right to recovery under the other act as well, Jones v. Baton Rouge Marine Contractors, La.App. 1 Cir., 127 So.2d 58, certiorari denied. Further, there is no problem securing employer's liability insurance protection against the concurrent state and federal remedies, if either of them (but not both) may be elected by the injured employee. See 32 Tulane L.Rev. 209-210.
In summary, I personally feel that the provision in the Outer Continental Shelf Lands Act that an injured employee "shall" be afforded the Longshoremen's remedy means simply that, if he so elects, he shall be afforded such remedy; but it is not intended to bar his resort to the state compensation remedy otherwise applicable because of the state-connected employment relationship in which the state-resident employee is injured.
At U.S.C.A. 43:1333(a) (2), the Outer Continental Shelf Lands Act specifically provides that "[T]he civil and criminal laws of each adjacent State" shall apply to the Outer Continental Shelf "[t]o the extent that they are applicable and not inconsistent with" it. The state compensation remedy is not inconsistent with the provision of the federal act that the employee shall (if he wishes) be afforded the federal Longshoremen's remedy, any more than it is in all the other "twilight zone" and instances in which there is a concurrent remedy of the Longshoremen's Act and the state compensation statute. See 2 Larson, Section 89.30.
With these views, the writer yields reluctantly to the majority's decision and *879 those three or four decisions of other courts reaching the same result as did the majority; although with a definite belief that our state or the national Supreme Court might well reach a contrary conclusion if the question is ever squarely presented to these high tribunals.
Before concluding, however, it might be well to point out that we are here involved with oil-drilling workers who may work this week on a land-site and next on an offshore drilling site of their same employer; they perform essentially land duties in connection with the drilling of oil wells, rather than, in the historical sense, maritime duties.
We are not here concerned with longshoremen or historically-maritime workers, such as our state Supreme Court has held to be excluded from the benefits of the Louisiana compensation act because of a federal pre-emption excluding application of a state remedy in the field. Ellis v. Travelers Insurance Co., 241 La. 433, 129 So.2d 729. The Ellis case overruled previous decisions which had held that, even in those instances, the federal and the state remedies were concurrent and overlapping, such as Richard v. Lake Charles Stevedores, La.App. 1 Cir., 95 So.2d 830, and Beadle v. Massachusetts Bonding & Insurance Co., La.App. 1 Cir., 87 So.2d 339. As all of this jurisprudence points out, a basic reason for provision of an exclusive federal remedy in such instances was that different state compensation remedies might interfere with the proper harmony and uniformity of the law applicable to the maritime law in its international and interstate relations, whichat least it seems to meis not a policy consideration applicable in oil-drilling operations, primarily if not exclusively involving domestic drilling firms and domestic employees residing in the adjacent state.
For the foregoing reasons, I am concurring with extreme reservation to our majority holding that a Louisiana court cannot afford a Louisiana employee injured in a Louisiana-connected employment relationship any remedy whatsoever under the Louisiana workmen's compensation act.

On Application for Rehearing.
En Banc. Rehearing denied.