357 So.2d 1343 (1978)
Floyd Leon WIXOM, Jr.
v.
The TRAVELERS INSURANCE COMPANY, Joseph R. Ruppel, Willie J. Rucker, Jr., Edmond E. Himel, Jr., Ottis Burck, Curtis Hanson, the Black and Decker Manufacturing Company, and the Liberty Mutual Insurance Company.
No. 8885.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
Rehearing Denied May 10, 1978.
*1344 Frey & Wheelahan, Richard B. Stricks, New Orleans, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Stewart R. Niles, Jr., New Orleans, for defendants-appellees Travelers Ins. Co., Joseph Ruppel, Willie Rucker, Jr., Edmond E. Himel, Jr., and Ottis Burck.
Before REDMANN, GARSAUD and DeSONIER, JJ.
GARSAUD, Judge.
Plaintiff, Floyd Leon Wixom, Jr., brought this suit against the executive officers of Boland Marine and Manufacturing Company and their insurer, Travelers Insurance Company, for personal injuries sustained on March 5, 1976 within the scope of his employment with Boland Marine. Plaintiff was an ironworker who, at the time of his injury, was performing ship repairs aboard a ship in the Industrial Canal, a navigable waterway in the city of New Orleans.
Defendants filed exceptions of no cause of action, no right of action, and lack of jurisdiction, contending that plaintiff's exclusive remedy for this maritime injury is under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. These exceptions were maintained by the trial court, dismissing plaintiff's suit, and plaintiff has appealed.
The primary issue on this appeal is a question of law. whether the LHWCA is plaintiff's exclusive remedy for his injury. If it is decided that it is not, then a second issue arises, dealing with whether the plaintiff elected the federal remedy over state workmen's compensation remedy.
The facts are not in dispute. The plaintiff was a traditional maritime worker who performed repair work on a vessel over navigable water. It is the plaintiff's position that under Poche v. Avondale Shipyards, 339 So.2d 1212 (La. 1976), appeal dismissed, Territo v. Poche, 434 U.S. 803, 98 S.Ct. 31, 54 L.Ed.2d 60 (1977), the LHWCA does not pre-empt the power of the State of Louisiana to provide a state remedy to this plaintiff, including (since the injury occurred prior to the 1976 amendment to La.R.S. 23:1101) a tort action against fellow employees and executive officers. The defendant argues that the case is res nova, as it is defendant's view that in no other instance was a Louisiana court called upon to decide the exclusive applicability of the LHWCA where a traditional maritime worker is injured while repairing a vessel on a navigable waterway.
Under these circumstances, we do not believe it is necessary to explore the "long and tortuous route" of the relationship between state workmen's compensation statutes and LHWCA. Poche v. Avondale Shipyards, Inc., supra, contains a complete exposition of this divergent history in Louisiana. After a review of that decision, and even including its special reference to Calbeck v. Travelers Insurance Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1961), it is our view that this is a case wherein the exclusivity of the LHWCA must pre-empt the state remedy. Our case lacks any of the unique facts which enabled past courts to find dual coverage, as in Arp v. Maryland Casualty Co., 170 So.2d 166 (La.App. 4th Cir. 1964) and Poche v. Avondale Shipyards, Inc., supra. Further, a purpose of allowing dual remedies was to insure protection for injured maritime workers against an absence of redress due to some technical aberration in state compensation statutes, and also to extend the more liberal and uniform provisions of the federal act to injuries on land. Here, neither of these concerns obtain.
There remain some maritime injuries for which the exclusive remedy is under the LHWCA, and this injury, occurring to a maritime worker while repairing a vessel on a navigable waterway, falls within that exclusivity.
This simple problem should not be complicated by attempting to inquire into the *1345 applicability of the so-called "twilight zone" developed in Davis v. Department of Labor and Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942). This doctrine was developed for the benefit of workers where it was difficult to determine which jurisdiction would apply. Under these facts, however, we do not believe there is any so-called twilight zone, but that it is crystal-clear that this is a pure maritime question.
The Court is aware of Richard v. Lake Charles Stevedores, 95 So.2d 830 (La.App. 1st Cir. 1957), cert. denied, 355 U.S. 952, 78 S.Ct. 535, 2 L.Ed.2d 529 (1958), in which state law was held applicable under circumstances similar to this case, but Richard cannot be followed. Flowers v. Travelers Insurance Co., 258 F.2d 220 (5th Cir. 1958) and Noah v. Liberty Mutual Insurance Co., 267 F.2d 218 (5th Cir. 1959) are controlling. As Judge Brown stated in Flowers,
"The setting was wholly maritime. The ship was the very instrument of ocean commerce. The vessel, if not actually floating in navigable waters, was there in law. [In our case, it was in fact on navigable waters.] . . . The work [plaintiff] was doing was maritime. For the repair of an existing vessel is one of the most ancient of maritime transactions giving rise even to that most cherished and characteristic badgethe formidable lien in rem." [Citations omitted.] 258 F.2d at 221.
For these reasons the decision of the trial court is affirmed.
AFFIRMED.