GUIDRY, Judge.
The plaintiffs, Einus and Lillie Mae Beverly, brought this suit to recover worker’s compensation death benefits pursuant to LSA-R.S. 23:1231. The defendants, Action Marine Services, Inc., and its insurer, Insurance Company of North America, filed exceptions of no right of action, no cause of action, and lack of jurisdiction. The trial judge sustained the exceptions and dismissed the suit. Plaintiffs appeal.
The issue on appeal is whether the trial court was correct in determining that the plaintiffs’ exclusive remedy is under the Longshoremen’s and Harbor Workers’ Compensation Act, 33 U.S.C.A. § 901 et seq. Because we find his determination to be correct, we affirm.
The plaintiffs are the parents of Robert Lee Beverly, who died in the course of his employment with the defendant, Action Marine Services, Inc. At the time of his death, Beverly was assisting in cleaning bromide tanks aboard the M/V “Nikki Candies”, an ocean going vessel moored at the Exxon Dock facility in Intracoastal City, Louisiana. Beverly died as a result of inhaling toxic fumes present in the tank.
At the heart of this dispute is the 1917 case of Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917), where the United States Supreme Court held that States were constitutionally prohibited from applying state compensation schemes to maritime injuries. The court held that the overriding federal policy in a uniform maritime law required that the laws of various states not be applied to maritime injuries. The Jensen doctrine underwent modification soon after its birth in 1917. In the cases of Western Fuel Company v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210 (1921) and Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321 (1922), the court held that some maritime activities are “local in character” and therefore state compensation schemes could constitutionally apply. This became known as the “maritime but local” exception.
In 1927, Congress passed the Longshoremen’s and Harbor Workers’ Compensation Act, 33 U.S.C.A. § 901 et seq., which provided for compensation for injuries “occurring upon the navigable waters of the United States ... if recovery . .. through workmen’s compensation proceedings may not validly be provided by State law.” § 903(a). Following the passage of the act, injured workers were required to make a “jurisdictional guess” in cases where there was doubt as to whether the federal act or the state scheme was applicable. This jurisdictional dilemma was alleviated by establishment of concurrent jurisdiction in *625 doubtful cases. This was done in Davis v. Department of Labor, 317 U.S. 249, 254, 63 S.Ct. 225, 87 L.Ed. 246 (1942), where the Court held that the boundary between federal and state schemes was not a precise line but rather a “twilight zone,” and that in doubtful cases, an injured worker could elect a federal or state remedy]
In the leading Louisiana case of Ellis v. Travelers Insurance Company, 241 La. 433, 129 So.2d 729 (1961), the Louisiana Supreme Court concluded that the Jensen doctrine was still viable insofar as it barred the application of the Louisiana Workmens’ Compensation Act to longshoremen injured while performing maritime work on ocean going vessels, afloat in navigable waters.
In Calbeck v. Travelers Insurance Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962), the court held that the LHWCA applied to all injuries sustained by employees on navigable waters, without regard to whether the activity was “maritime but local”. Thus it was again made clear that in some cases, state and federal coverage would overlap.
The LHWCA was amended in 1972. The state of the jurisprudence regarding marine related injuries prior to the amendment as well as the effect the amendment had on it was recently summarized by the United States Supreme Court in Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980). The court summarized the pre-1972 jurisprudence as follows:
“Before 1972, then, marine-related injuries fell within one of three jurisdictional spheres as they moved landward. At the furthest extreme, Jensen commanded that nonlocal maritime injuries fall under the LHWCA. ‘Maritime but local’ injuries ‘upon the navigable waters of the United States,’ 38 U.S.C. § 903(a), could be compensated under the LHWCA or under state law. And injuries suffered beyond navigable waters — albeit within the range of federal admiralty jurisdiction — were remediable only under state law. Nacirema Co. v. Johnson [396 U.S. 212, 90 S.Ct. 347, 24 L.Ed.2d 371], supra.”
The 1972 amendment to the LHWCA extended coverage of the act landward. The result was concurrent jurisdiction not only in the maritime but local zone, but also on land, which had previously been the exclusive province of state compensation law.
While the 1972 amendment extended the jurisdiction of the LHWCA landward, it did not change the fact that Jensen still precludes the application of state compensation law when the injury occurs in a purely maritime setting. That Jensen is still viable was made clear by the Supreme Court in Sun Ship, supra, where the Court stated:

“We therefore find no sign in the 1972 amendments to the LHWCA that Congress wished to alter the accepted understanding that federal jurisdiction would co-exist with state compensation laws in that field in which the latter may constitutionally operate under the Jensen doctrine. ”

Robert Lee Beverly was engaged in cleaning out bromide tanks aboard an ocean going vessel in navigable waters. The work was very similar to the work considered in Flowers v. Travelers Insurance Company, 258 F.2d 220, where the plaintiff, a welder, was injured making repairs on an ocean going vessel in a floating dry dock in Galveston, Texas. The court found that the work involved was clearly maritime, making unnecessary any consideration of the “twilight zone” created by Davis v. Department of Labor, supra. The court stated:
"... the doing of repair work on an existing vessel has been treated as so clearly maritime in nature that attempted application of State compensation laws would collide with that essential uniformity which was the very breath of Jensen.”
In Wixom v. Travelers Insurance Company, 357 So.2d 1343 (La.App. 4th Cir.1978), plaintiff, an ironworker injured while performing repairs aboard a ship in the Industrial Canal in New Orleans, sought recovery under the Louisiana Workmen’s Compensation Act. Our brethren of the Fourth Circuit held that the injury to the plaintiff was in a purely maritime setting, thus dictating that the exclusive remedy be the LHWCA. The court stated:

*626
“The simple problem should not be complicated by attempting to inquire into the applicability of the so-called ‘twilight zone’ developed in Davis v. Department of Labor and Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942). This doctrine was developed for the benefit of workers where it was difficult to determine which jurisdiction would apply. Under these facts, however, we do not believe there is any so-called twilight zone, but that it is crystal-clear that this is a pure maritime question.”

Like the plaintiff in Wixom, Robert Lee Beverly was performing purely maritime duties when he met his death. None of the modifications of the Jensen doctrine have changed the fact that Jensen prohibits a state from applying its workmen’s compensation scheme to injuries which are clearly maritime. Thus, the exclusive remedy of the plaintiffs is under the LHWCA.
The Louisiana Supreme Court recently held that the LHWCA is not the exclusive remedy for a worker whose injury occurred on an oil platform on the outer Continental Shelf. Thompson v. Teledyne Movible Offshore, Inc., et a 1, 419 So.2d 822, (La.1982). While it doesn’t change the result we reach, we feel that the case deserves mention herein. The Thompson court held that the Louisiana Workmen’s Compensation Act could constitutionally apply to an injury received on a fixed platform in the Gulf of Mexico, some four miles off the Louisiana coast. However, because of the inherent differences in the types of work involved, Thompson does not mandate a holding that the Louisiana Workmen’s Compensation Act applies in the present case.
Influenced by Judge Tate’s concurrence in Crooks v. American Mutual Liability Ins. Co., et al, 175 So.2d 875 (La.App. 3rd Cir.1965), the Thompson court, through Justice Calogero, stated:

“Furthermore the case now before us does not involve longshoremen or historically maritime workers. Rather this plaintiff is like the plaintiff in Crooks, the case which spawned Judge Tate’s farsighted concurrence; Thompson is an oil worker who may perform essentially the same non-maritime duties on land or alternatively on an offshore site. Therefore the application of state law would not ‘work material prejudice to the characteristic features of the general maritime law, or interfere with the proper harmony and uniformity of that law in its international and interstate relations.’ Crooks, supra at 879.”

The conclusion we draw from the above quoted language is that there remains an important distinction between oil workers whose duties may be performed on land as well as over water and workers whose duties are historically maritime. The federal interest in a uniform maritime law still precludes the application of state compensation schemes where the work being performed is clearly maritime. The decedent in the present case was cleaning tanks aboard an ocean going vessel. Beverly was not a “worker who may perform essentially the same non-maritime duties on land, or alternatively on an offshore site.” His duties were historically maritime. Flowers, supra. Thus, despite the fact that our state compensation statute may apply to injuries occurring over water, as in Thompson, supra, it may not do so in the present case, because the work being performed by the decedent at the time of his death was clearly maritime.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiffs-appellants.
AFFIRMED.