537 So.2d 808 (1989)
Leo ROBERTS and American Mutual Liability Insurance Company
v.
AVONDALE SHIPYARDS, INC.
No. 88-CA-622.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1989.
Wayne W. Yuspeh, Metairie, for plaintiff/appellant.
William R. Seay, Jr., Metairie, for intervenor/appellant.
Lawrence J. Centola, Jr., Piper D. Griffin, New Orleans, for defendant/appellee.
Before BOWES, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This appeal arises from the granting of a motion for summary judgment dismissing Leo Roberts's petition for damages against Avondale Shipyards, Inc.[1] The basis for the motion is Avondale's assertion that pursuant to La.R.S. 23:1032 it is Roberts's statutory employer and immune from a tort suit. Both Roberts and American Mutual Liability Insurance Company, the intervener, have appealed. We reverse and remand.
Roberts alleges in his petition filed August 13, 1982 that on August 13, 1981 he was employed by Professional Coatings as a pipefitter. On that date he was working on the construction of Ogden II, a vessel, located at Avondale. While working in the pump room area, employees of Avondale negligently handled a beam which fell as he was working below the structure. He alleges he suffered serious injuries to his back and extremities as a result of the accident.
*809 On June 27, 1983 American intervened. It alleges it issued a longshoreman and harbor worker's compensation policy to Professional Coatings of Louisiana which was in effect at the time of the accident. Medical and disability benefits have been paid to Roberts under this policy and American seeks reimbursement.
On February 22, 1984 Avondale filed its original motion for summary judgment[2] asserting it was Roberts's statutory employer at the time of the accident pursuant to La.R.S. 23:1032. The same motion was reurged on October 20, 1987. Depositions of Rodney Duhon and Roberts as well as an affidavit executed by Duhon were filed in support of the motion.
On April 25, 1988 the trial court granted Avondale's motion and dismissed it from the suit. Both Roberts and American have appealed that judgment.
Roberts specifies the following errors:
1. That the trial court erred in granting summary judgment based on the "statutory employer" defense of the Louisiana Worker's Compensation Act, due to the fact that Roberts was receiving federal compensation benefits under the Longshore and Harbor Worker's Compensation Act (LHWCA). Furthermore, there is no "statutory employer" defense under the federal act;
2. In an abundance of caution only, plaintiff/appellant specifies that Avondale did not meet its burden of proof as to any facts or law allowing the granting of the motion, and
3. The trial court erred in applying the Louisiana Worker's Compensation Act to plaintiff as he was receiving benefits under LHWCA.
American specifies the following errors:
1. It was error for the trial court to grant the motion based on the Louisiana Worker's Compensation Act since Roberts is receiving a federal remedy under LHWCA, and
2. The trial court erred in denying plaintiff's right to a day in court as many facts bearing on the "statutory employer defense" remain in dispute.
The only issue before the trial court was whether Avondale was entitled to summary judgment pursuant to the "statutory employer" defense under La.R.S. 23:1032. The trial court evidently considered that the Louisiana provision applied and concluded there was no issue of material fact relative to whether Avondale was Roberts's statutory employer. For the reasons stated below we disagree that the Louisiana provision applies, finding instead that the relevant law is the LHWCA, 33 U.S.C., Section 901 et. seq.
American argues that there exists concurrent jurisdiction over Roberts's claim for worker's compensation pursuant to both the LHWCA, 33 U.S.C., Section 901, et. seq. and Louisiana's Worker's Compensation Act, La.R.S. 23:1021, et. seq. American based this argument on the case of Poche v. Avondale Shipyards, 339 So.2d 1212 (La.1976). We find Poche to be inapposite to the case at bar. In Poche the court found concurrent jurisdiction between the Louisiana Act and the LHWCA for two employees who were working "entirely over land" while engaged in new ship construction. Id. at 1213.
In the instant case Roberts was injured while he was working on navigable water. These facts are similar to those in Wixom v. Travelers Insurance Company, 357 So. 2d 1343 (La.App. 4th Cir.1978) wherein the court held that the exclusive remedy for an ironworker who was injured while performing ship repairs aboard a ship in navigable water was the LHWCA. It held:
There remain some maritime injuries for which the exclusive remedy is under the LHWCA, and this injury, occurring to a maritime worker while repairing a vessel on a navigable waterway, falls within that exclusivity. Id. at 1344.
*810 In order to fall within the LHWCA, a worker "must satisfy both a `status' and a `situs' test." Herb's Welding, Inc. v. Gray, 470 U.S. 414, 105 S.Ct. 1421, 1423, 84 L.Ed.2d 406 (1985). It is undisputed that Roberts was injured on navigable water. Therefore he satisfies the "situs" test. It is also uncontroverted from the deposition testimony that he was engaged in shipbuilding. Thus, he meets the "status" test as well since the LHWCA covers shipbuilders. 33 U.S.C. Section 902(3).
Similarly, in Martin v. Ingalls Shipbuilding, Div. of Litton Sys., 746 F.2d 231 (5th Cir.1984) the court recognized a LHWCA claim, although the vessel which claimant was painting, sandblasting and cleaning was being constructed at the time of the injury.
Roberts's counsel, however, does not argue that concurrent jurisdiction exists. Instead, he argues that he has filed his suit in tort in this state court "under the provisions of the LHWCA, including those provisions of Title 33 Section 933 and Title 33 Section 905(a), (b)." Roberts's argument is that once the Federal law applies, then it pre-empts state law therefore making the state law doctrine of "statutory employer" inapplicable. He correctly cites Gates v. Shell Oil, 812 F.2d 1509, 1513-14 (5th Cir. 1987) for the proposition that:
"The Louisiana Compensation Law setting up the `statutory employer' definition of coverage is inconsistent with and contrary to LHWCA."
In Gates, supra although the plaintiff filed suit pursuant to the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C., Section 1331, et. seq., he was collecting compensation pursuant to the LHWCA. Therefore, the discussion of the statutory employee defense in Gates is applicable to the instant case.
The plaintiff in Gates was a pipefitter employed by Total Services, Inc. (TSI). Shell Oil Company (Shell) hired TSI to install piping on a drilling platform. Plaintiff was receiving compensation under the LHWCA. He filed suit in tort against Shell. Shell claimed it was immune from suit as a result of the Louisiana Compensation Act's statutory employer defense. The Gates court discussed the inapplicability of that defense as follows:
Shell claims that it is immune from this third party suit because it was Gates' "statutory employer" under the Louisiana compensation statute. Louisiana has a worker's compensation law which, like the LHWCA, provides the exclusive remedy for an injured employee against his employer. See La.Rev.Stat.Ann. Section 23:1032 (West 1985).
... In the typical pattern of workers compensation statutes, the LHWCA does provide for the injured employees suing third persons who caused the injury through their negligence. 33 U.S.C. Section 933 ...
Contrary to the contention of Shell Oil, however, the state law which is applicable cannot be the state worker's compensation law because the LHWCA is the compensation statute applicable. The Louisiana compensation law setting up the "statutory employer" definition of coverage is inconsistent with and contrary to the LHWCA since the employer was Total Services under the LHWCA. The Louisiana law which is asserted to make Shell the employer is the Louisiana compensation law. It is, therefore, inconsistent with the federal compensation law. Under the critical statutory provision, it follows that the state law is not applicable [emphasis added.]
* * * * * *
Nothing in [the definition of "employer" under the LHWCA, 33 U.S.C. Section 902(4) ] gives any recognition to any concept of a "statutory employer" in the sense of the Louisiana law. Nor does it countenance the possibility that there can be one employer and also another statutory employer under the Federal compensation act.
Gates, supra at 1514.
The LHWCA is Roberts's exclusive compensation remedy. It is also clear from Roberts's brief that he is filing a negligence action under the LHWCA and not under state law. Therefore, it was error *811 for the trial judge to grant Avondale's motion for summary judgment on the basis of finding that Avondale was Roberts's statutory employer.
It is clear from the record that the only issue considered by the trial court was whether Avondale was Roberts's statutory employer. Avondale never argued that Roberts was its "borrowed employee" so that it could escape tort liability pursuant to the LHWCA. See Sider v. Robin Temporary Service, 515 So.2d 1123 (La.App. 5th Cir.1987), writ denied 519 So.2d 146 (La.1988) and cases cited therein.
As we explained in Sider, supra at 1130 [quoting Champagne v. Penrod Drilling Company, 341 F.Supp. 1282, 1284 (W.D.La. 1971), affirmed 459 F.2d 1042 (5th Cir. 1972), cert. denied, 409 U.S. 1113, 93 S.Ct. 927, 34 L.Ed.2d 696 (1973)]:
[v]arious criteria have been considered in determining whether the doctrine of `borrowed,' `loaned,' or `rented' employee is applicable. No one factor is decisive. No fixed test is used to determine the relationship. The following have been given greater weight:
A. Control of the employee.
B. Control over the work.
C. Some type of agreement, understanding or meeting of the minds between borrower, lender and employee.
D. Whose tools are used.
E. Whose work is being performed.
F. The duration of the employment.
G. The right to discharge and the obligation to pay. Ruiz v. Shell Oil Company, (5th Cir., 1969), 413 F.2d 310.
The trial court did not consider the "borrowed employee" defense. It was never raised by Avondale. We therefore pretermit any discussion relative to whether a motion for summary judgment could be granted on that basis.
Accordingly, for the reasons stated, the judgment granting Avondale's motion for summary judgment on the basis that it was Roberts's statutory employer is reversed and the case is remanded to the trial court for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff originally field suit against Avondale and Ogden Corporation; however, Ogden was dismissed from the suit on its motion for summary judgment February 25, 1985. No appeal was taken from that judgment.
[2] On June 11, 1987 Avondale field a motion for partial summary judgment urging its dismissal as the alleged vessel owner subject to a claim against it pursuant to 33 U.S.C., section 905(b). The trial court granted partial summary judgment dismissing any claim against Avondale pursuant to its being an alleged vessel owner. No one has appealed that judgment.